IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TORIANDRE T. GIVENS,

        Plaintiff,

        v.

MULTNOMAH SHERIFF DEPARTMENT, et al.,

        Defendants.

Case No. 3:21-cv-00165-YY

ORDER

SIMON, Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail ("MCIJ"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 8) and Motion for Discovery and Motion to Preserve Documents (ECF No. 13).

1 - ORDER

**I.      Motion for Preliminary Injunction and Temporary Restraining Order**

In the caption of his Complaint, plaintiff identifies the following defendants: "Multnomah Sherrif department et, al., Michael Reese, Inverness Jail, et, al, Captain Morrison, State of Oregon, et al." At page 2 of the Complaint, however, plaintiff identifies the defendants as Sheriff Michael Reese, Captain K. Morrison, the State of Oregon, and Bob Burton. Plaintiff's Complaint alleges claims of denial of food, denial of access to religious activities, and retaliation. In his MOtion for Preliminary Injunction and Temporary Restraining Order, plaintiff seeks an order enjoining five MCIJ deputies who are not named as defendants herein from interacting with plaintiff.

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that

tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132.  Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*, 632 F.3d at 1131-32).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  A "mandatory injunction" altering the status quo by granting such a motion, before trial, is appropriate only in extraordinary circumstances.  *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011).  Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As noted, plaintiff seeks a mandatory injunction restraining individuals who are not parties this action from interacting with plaintiff. The court cannot, however, issue a temporary restraining order against individuals who are not parties to the action. *Bryant v. Kibler*, Case No. 2:21-CV-0060-TLN-DMC-P, 2021 WL 1423796, at *1 (E.D. Cal. April 15, 2021) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Accordingly, the Court DENIES plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order.

## II.  Motion for Discovery and Motion to Preserve Documents

Plaintiff also seeks an order requiring defendants to preserve digital evidence and to response to document requests. To the extent plaintiff's motion may be construed as seeking an order compelling discovery, the court denies the motion as premature. Defendants have not be served with process or otherwise waived service to date and, in any event, plaintiff must comply with the Federal Rules of Civil Procedure pertaining to discovery requests as well as the court's Local Rules before seeking an order compelling defendants to respond.

## CONCLUSION

For these reasons, the Court DENIES plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 8) and Motion for Discovery and Motion to Preserve Documents (ECF No. 13).

IT IS SO ORDERED.

DATED this 19th day of April, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge